[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Herbert J. Geier, Trustee, appeals the judgment of the trial court dismissing his complaint for injunctive relief, money damages and declaratory judgment against the Board of County Commissioners of Hamilton County, Ohio, and the Board of Township Trustees of Springfield Township.
Geier's complaint sought to have the residential zoning of his property declared unconstitutional. The county commissioners filed a motion to dismiss on the basis that Geier had failed to exhaust the available administrative remedies and that his claims were not ripe for judicial review. The township trustees orally joined in the motion to dismiss. Geier assigns as error the trial court's dismissal of the complaint.
A prerequisite to a determination that an actual controversy exists in a declaratory-judgment action is a final decision concerning the application of a zoning regulation to the specific property in question. Karches v. Cincinnati (1988),38 Ohio St.3d 12, 526 N.E.2d 1350. All administrative remedies must be exhausted before the filing of the declaratory-judgment action. Driscoll v. Austintown Associates (1975), 42 Ohio St.2d 263, 328 N.E.2d 395. There are two exceptions to this rule. Exhaustion of remedies is not required (1) if there is no administrative remedy that can provide the relief sought, or resort to the remedy would be futile; or (2) if the available remedy is onerous or unusually expensive. Karches, supra, at 14,526 N.E.2d at 1355.
Geier concedes that he abandoned his efforts to seek a zoning amendment. The board of county commissioners, the final decision-maker for a zone-change request, has never taken a position on a zone change for Geier's property. See Karches,supra. Geier has also failed to demonstrate an exception to the rule of exhaustion of remedies. Therefore, in the absence of a final decision regarding the application of the existing zoning regulations to the specific property in question, the declaratory judgment action is not ripe for judicial review and the trial court properly dismissed all of Geier's claims, as each claim was dependent upon the exhaustion of available remedies. See MonfortSupply Co. v. Rural Zoning Comm. (Dec. 29, 1995), Hamilton App. No. C-950313, unreported.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge